IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CARMA CONOVER**, <br><br> Plaintiff, <br><br> vs. <br><br><br> **RASH CURTIS & ASSOCIATES,** <br><br><br> Defendant. | **Civil Action No.** <br><br> **3:15-cv-08381-FLW-TJB** <br><br> **DEFENDANT RASH CURTIS & ASSOCIATES' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT** <br><br> **MOTION DAY:  JUNE 6, 2016** |

## I.  INTRODUCTION

By way of her Motion for Leave to Amend, Plaintiff CARMA CONOVER (hereinafter "Plaintiff") seeks leave to amend her Complaint to allege class allegations against Defendant RASH CURTIS & ASSOCIATES ("Defendant"). Plaintiff seeks to represent "all persons within the United States who received any pre-recorded messages via an Automated Telephone Dialing System from Defendant without prior express consent." (Dckt. No. 13, page 6, ¶ 34.)

Plaintiff does not state any plausible explanation for why she did not allege class action allegations in her original Complaint. Rather, Plaintiff seeks to take advantage of this court's so-called "liberal" policy in freely allowing amendments. Plaintiff's mere reliance on this "liberal" policy is insufficient. FRCP 7(b) [motion must state with particularity the grounds for seeking the order].

Defendant submits, for the reasons discussed *infra*, that Plaintiff should not be granted leave to amend to allege class action allegations as the proposed amendment has been sought in bad faith, is prejudicial, and futile.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a) provides that: "a party may amend the party's pleading [] only by leave of court or by written consent of the adverse party, and leave shall be freely given <u>when justice so requires</u>." FRCP 15(a). (Emphasis added.) While Rule 15(a) states that leave to amend should be "freely given", "a district court has discretion to deny a request to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith, or dilatory moves, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Fraser v. Nationwide Mutual Ins. Co.* (3rd Cir. 2003) 352 F.3d. 107, 116; *see also Great Western Miming & Mineral Co. v. Fox Rothschild LLP* (3rd Cir. 2010) 615 F.3d. 159, 174.

## III.     PROCEDURAL HISTORY

On December 1, 2015, Plaintiff filed her original Complaint against Defendant alleging <u>individual</u> violations of the Telephone Consumer Protection Act ("TCPA"). (Dckt. No. 1.) Defendant was served on December 22, 2015 and its answer was originally due on January 12, 2016. (Dckt. No. 4.) Defendant sought an extension of time to respond which was granted. (Dckt. No. 6.)

Early on, Plaintiff and Defendant stipulated to a stay in the proceedings of this case. (Dckt. No. 7.) The purpose of the stipulated stay was to allow Plaintiff to obtain her cellular telephone records since there was a dispute as to whether the cellular telephone number claimed by Plaintiff was actually hers. (*Ibid.*) This factual dispute is discussed in further detail below and in the Declaration of Amanda N. Griffith filed concurrently herewith.

Plaintiff provided Defendant with the subpoenaed cellular telephone records. However, the records do <u>not</u> reflect whether the Plaintiff is the user/subscriber to the cellular telephone number at issue in this case. The

user/subscriber of the cellular telephone number is currently disputed by the parties.

Defendant filed its answer to Plaintiff's original Complaint on April 5, 2016. (Dckt. No. 9.)

After unsuccessful preliminary settlement negotiations between Plaintiff and Defendant, Plaintiff filed this instant Motion for Leave to Amend on April 29, 2016. (Dckt. No. 13.) At no time prior to the filing of this Motion did Plaintiff even hint at the fact that she may seek leave to amend to add class claims or that class claims would be a possibility given the individualized inquiry into her use of the cellular telephone number and the debtor's prior express consent to receive calls. (Declaration of Amanda N. Griffith ("Griffith Decl.") ¶3.)

Without explaining her reasoning and 6 months after the filing of her original Complaint, Plaintiff now seeks to amend to allege class action allegations despite having knowledge of the "facts" which purport to give rise to the class action allegations at the outset of this case.

### IV.    LEGAL ANALYSIS

#### A. Plaintiff's Delay In Alleging Class Action Allegations Evidences Bad Faith and Prejudice.

"It is well settled that prejudice to the non-moving party is the touchstone for the denial of an amendment." *Cornell & Co., Inc. v. Occupational Safety and Health Review Commission* (3rd Cir. 1978) 573 F.2d. 820, 824-825. Substantial or undue prejudice to Defendant is a sufficient ground for denial of leave to amend a complaint. *Cureton v. National Collegiate Athletic Association* (3rd Cir. 2001) 252 F.3d. 267, 273.

The issue of prejudice requires a court to "focus on the hardship to the defendants if the amendment were permitted." *Cureton, supra*, 252 F.3d. at

273. In this context, the Third Circuit generally considers whether the amendment would result in additional discovery, cost, and preparation to defend against new facts or theories. *Ibid*; *see also Cornell, supra,* 573 F.2d. at 824-825 [proposed amendment disallowed because it would change the factual and legal basis of the claim].

"If the moving party fails to provide any explanation for not filing its amendment sooner or if the explanation is inadequate, that will weigh towards denying leave to amend." *J.P Morgan Chase Bank, N.A. v. Drywall Service & Supply Co., Inc.* (N.D.Ind. 2010) 265 F.R.D. 347, 341; *see also* FRCP 7(b)(1)(B) [grounds for supporting motion must be stated with particularity]. "If the facts of the case and the representations made have not changed since the filing of the original complaint, this too will weigh towards denying leave to amend." *Ibid*.

Here, to permit the amendment of class action allegations in the current case would work a greater prejudice to Defendant than to Plaintiff given Plaintiff's dilatory tactics and delay.

Plaintiff has not proffered any reason for why she now seeks to add class action allegations. A cursory review of the original Complaint and the proposed First Amended Complaint shows that the "new" class action allegations are based on the same set of facts as Plaintiff's original individual claims. Plaintiff gives no explanation/reasons as to why she could not have alleged class allegations in the first instance. *See, e.g., Kaplan v Rose* (9th Cir. 1994) 49 F.3d. 1363, 1370 [leave to amend properly denied where plaintiff knew or should have known of facts when original complaint was filed]; *see also J.P Morgan, supra,* 265 F.R.D. at 341.

Conceivably, since Plaintiff has based her class allegations on the same facts as the original Complaint and because no new facts which would support

class allegations have come to light, Plaintiff purposely kept Defendant in the dark as to the possibility of a class action.  Defendant has committed resources (including decisions on whether this action would be tendered to insurance) and shaped the conduct of its litigation based on Plaintiff's <u>individual</u> action. Defendant was induced by Plaintiff's silence into believing (given the unique set of circumstances present) that this action would proceed as an <u>individual</u> one. (Griffith Decl. ¶4.)

Given Plaintiff's six months silence, her failure to provide any explanation as to why the complaint should be amended, and the added complexities entailed in class litigation, the addition of class action allegations would severally prejudice Defendant.  Plaintiff loses nothing by having her motion denied. She will still be entitled to whatever damages she seeks on an individual basis. Defendant, based on Plaintiff's purposeful delay and tactics, will be the only party prejudiced by the amendments. Accordingly, Plaintiff's motion should be denied.

### B. Plaintiff's Class Allegations Are Futile.

A district court's role on a motion to amend to add class allegations is to determine "the *likelihood* that [the] proposed class *will* be certified pursuant to [Rule 23(c) of the Federal Rules of Civil Procedure]." *Pierre v. JC Penny Co. Inc.* (E.D.NY. 2006) 2006 WL 407553 at *6 (emphasis in original); *Luedke v. Delta Air Lines, Inc.* (S.D.NY.  1993) 1993 WL 313577 at *8 [motion for leave to add class action allegations denied as futile].

Before a class action can be maintained, a class must satisfy the prerequisites enumerated in Federal Rule of Civil Procedure 23(a) [numerosity, typicality, common questions of law and fact, and adequate representation] and must fall within one of the three categories of class actions as defined in Rule 23(b). Although not expressly apparent from Plaintiff's Motion to Amend or the

attached First Amended Complaint, it appears Plaintiff is seeking to certify a class under Federal Rule of Civil Procedure 23(b)(3):

> The court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

FRCP 23(b)(3).

Here, the facts of this case are so unique and particular that Plaintiff and Defendant had to request an early stay of the proceedings to acquire Plaintiff's purported cellular telephone records. (Dckt. No. 8.) Originally, Plaintiff claimed that she began using her purported cellular telephone number in January 2014. (Griffith Decl. ¶6.) But, the debtor provided the original creditor with the number Plaintiff is claiming to be hers, as his own, on June 23, 2014. (*Id.* at ¶5.)

On June 2, 2015, Defendant spoke with the debtor after dialing the telephone number which Plaintiff now claims as her own. (*Id.* at ¶7.) Not even 10 days later, Defendant received a letter from Plaintiff's counsel advising Defendant that Plaintiff was revoking any prior express consent she may have given. (*Id.* at ¶ 8.)

Due to the circumstances of this case, Plaintiff had her cellular telephone records subpoenaed. (Griffith Decl. ¶9.) Notably absent from the subpoenaed records is the name of the telephone subscriber/account holder. (*Ibid.*)

Moreover, Plaintiff has based her First Amended Complaint and class allegations on facts that she is well aware do not pertain to her, individually. For example, Plaintiff alleges "Defendant frequently uses skip-tracing services to locate telephone numbers used by consumers who Defendant wishes to

call." (First Amended Complaint, pp. 5-6, ¶ 27.) But, Plaintiff has known for months that Defendant did <u>not</u> use any skip tracing services to obtain the at issue cellular telephone number. As explained, the cellular telephone number was provided by the debtor to the creditor at the time of service. (Griffith Decl. ¶5.)

Give the above, it is hard to imagine that common questions of fact and law will predominate over this case as opposed to individualized inquiries into consent. Plaintiff cannot adequately represent a class of persons whose numbers were "skip-traced" when this factual scenario does not even apply to her. Thus, the likelihood of Plaintiff actually having a class certified given the facts of her case is slim and her motion to amend should be denied. *Pierre, supra,* 2006 WL 407553 at \*6; *see also Connelly v. Hilton Grand Vacations, Inc.* (S.D.Cal. 2013) 294 F.R.D. 574, 578-579 [where telephone numbers are provided by consumers in varying, non-uniform, manners, individual issues predominate over class issues]; *Vigus v. Southern Illinois Riverboat/Casino Cruises, Inc.* (S.D.Ill. 2011) 274 F.R.D. 229, 237 [class certification denied where determining who has and has not consented to calls will depend on an individual examination of the identity of the assignee for each number at the time of each call].

## V.    CONCLUSION

For the foregoing reasons, Defendant RASH CURTIS & ASSOCIATES respectfully requests that this Court deny Plaintiff CARMA CONOVER's Motion for Leave to Amend. Given the unique circumstances of Plaintiff's case, no class could plausibly be certified in this matter, as an individual inquiry into prior express consent would override class issues. *See, e.g., Connelly, supra,* 294 F.R.D. at 578-579.

Moreover, Plaintiff's Motion for Leave to Amend is nothing more than a litigation tactic. Plaintiff has presented no new facts or evidence which would tend to show that class allegations could not have been pled in her original Complaint. Plaintiff should not be permitted to now allege class allegations against Defendant as "leverage" to extort a "class" settlement from Defendant.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, P.C.**

By: /s/ *Andrew M. Schwartz / Amschwartz2*
Andrew M. Schwartz
2000 Market Street, Suite 2300
Philadelphia, PA 19103
215-575-2765
215-575-0856 (f)
Amschwartz@mdwcg.com
Attorney for Defendant, Rash Curtis & Associates

Dated: May 23, 2016