UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARMA CONOVER : | |
| : | Civil Case No.: 3:15-CV-08381-FLW-TJB |
| Plaintiff, : | |
| v. : | MEMORANDUM OPINION |
| : | AND ORDER |
| RASH CURTIS & ASSOCIATES, : | |
| : | |
| Defendant. : | |
| : | |

**BONGIOVANNI, Magistrate Judge**

**I. Introduction**

This matter comes before the Court on Plaintiff Carma Conover's ("Plaintiff") Motion for Leave to File Plaintiff's First Amended Class Action Complaint pursuant to FED. R. CIV. P. 15(a)(2). [Docket Entry No. 12]. Plaintiff filed her motion on April 29, 2016. Defendant Rash Curtis & Associates ("Defendant") filed an Opposition to Plaintiff's Motion on May 23, 2016. [Docket Entry No. 16]. Plaintiff then filed a Reply Brief to Defendant's Opposition on May 31, 2016. [Docket Entry No. 17]. The Court has fully reviewed and considered all arguments made in support of, and in opposition to, Plaintiff's motion. The Court considers Plaintiff's Motion without oral argument pursuant to L. Civ. R. 78.1(b). For the reasons set forth more fully below, Plaintiff's motion is GRANTED.

**II. Background and Procedural History**

On December 1, 2015, Plaintiff filed a Complaint against Defendant alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. 227, *et seq.* ("TCPA"). [Docket Entry No. 1 at 1]. On April 29, 2016, Plaintiff filed the present motion seeking to add class allegations. [Docket Entry No. 12 at 1]. This motion comes six months following the Complaint and 24 days

following Defendant's Answer. [Docket Entry No. 1 at 1; Docket Entry No. 9 at 1]. The class allegations consist of the same facts and legal theories as those alleged in the original Complaint [Docket Entry No. 16 at 4], only expanded to include "all persons within the United States who received any pre-recorded messages via an Automated Telephone Dialing System from Defendant without prior express consent." [Docket Entry No. 13 at 13]. In light of the instant motion, on May 13, 2016, an Order was entered which limits discovery to interrogatories and document discovery. The Court has intentionally postponed the entry of a formal discovery schedule until this motion is decided. [Docket Entry No. 15 at 1].

### III. Standard of Review

FED. R. CIV. P. ("Rule") 15(a)(1) allows a party to amend its pleading once as a matter of course either within 21 days after serving it, or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. FED. R. CIV. P. 15(a)(1). In all other cases, Rule 15(a)(2) requires either the opposing party's consent or the court's leave to amend the pleadings. FED R. CIV. P. 15(a)(2). The standard to grant a motion for leave is liberal, as Rule 15(a)(2) reads, "the court should freely give leave when justice so requires." *Id.*; *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[T]his mandate is to be heeded."). Generally, there is a presumption in allowing the moving party to amend its pleadings. *See Del Sontro v. Cendant Corp.*, 223 F. Supp. 2d 563, 576 (D.N.J. 2002).

Still, "the decision to grant or deny leave to amend under Rule 15(a) is committed to the sound discretion of the district court." *257 Elizabeth Ave., LLC. v. Cont'l Cas. Co.*, Civil Action No. 12-4091 (ES) (JAD), 2016 U.S. LEXIS 13931, at *4 (D.N.J. Feb. 5, 2016) (quoting *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993) (internal quotations omitted)). Thus,

2

where "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party[,]" the Court retains the discretion to deny a request to amend. *Fraser v. Nationwide Mutual Ins. Co.*, 352 F.3d 107, 116 (3rd Cir. 2003).

## IV. Discussion

Because there is a presumption in allowing the moving party to amend its pleadings under Rule 15(a)(2), it is the nonmoving party's burden to show either: (1) undue delay, bad faith, or dilatory motives, (2) prejudice to the non-moving party, or (3) futility of the amendment. As explained below, Defendant has not satisfied any of these prerequisites. As a result, the Court the Court shall grant Plaintiff's motion to amend.

### A. Undue Delay, Bad Faith, or Dilatory Moves

Here, Defendant characterizes Plaintiff's decision to file the instant motion six months after the initial Complaint was filed without any explanation for the delay to be a "dilatory tactic." [*See* Docket Entry No. 16 at 4]. Although Defendant claims the six month period amounts to undue delay [ Docket Entry No. 16 at 5], this argument runs counter to both this District and Circuit's precedent. Delay by itself is not evidence of bad faith. *See Richardson v. Allied Interstate, Inc.*, Civil Action No. 09-2265 (FLW), 2010 U.S. Dist. LEXIS 88086 at *12 (D.N.J. Aug. 26, 2010) ("[T]he mere passage of time does not require a motion to amend a complaint be denied on grounds of delay."). In *Richardson*, this Court vacated a denial of the plaintiff's motion for leave to amend a complaint to broaden the scope of her suit to include a national class. *Id.* at *1. There, the plaintiff alleged the defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, through illegal communications regarding a debt. *Id.* at *2. The plaintiff discovered the total size of the class seven months prior to her motion to amend her complaint. *Id.* at *2–4. This

3

Court held, "Plaintiff's seven-month delay in moving to amend without sufficient justification does not, without more, constitute "undue delay." *Id.* at *15. The Third Circuit has rejected a blanket rule to deny amendments based solely on delay, as that would "certainly run counter to the well-established rule that amendments should be liberally allowed." *Long v. Wilson*, 393 F.3d 390, 401 (3d Cir. 2004).

Like *Richardson*, where a plaintiff attempted to amend her complaint to broaden the scope of her class action involving communications regarding collection of debts, here too Plaintiff is seeking to amend her complaint to allege class allegations under the TCPA. And like *Richardson*, where the motion was filed seven months after the plaintiff learned the facts required to plead class allegations, here Plaintiff's motion was filed only six months after the filing of her complaint, the alleged time Plaintiff was aware of such facts. Even more so, Plaintiff's motion occurred a mere 24 days after Defendant filed its answer. [Docket Entry No. 9 at 11]. This was only three days after the time Plaintiff could have amended her Complaint as a matter of course under Rule 15(a)(1). Furthermore, the policy announced in *Long* of rejecting strict time frames in favor of the "liberal" pleading standard is directly applicable here because, as mentioned, Plaintiff could have amended her pleading as a matter of course merely three days before filing the present motion. Whether the alleged "dilatory tactic" is characterized as three days or six months, it does not amount to bad faith nor is it by itself reason to deny Plaintiff's motion.

**B. Prejudice to Defendant**

Delay by itself is not sufficient to deny a motion for leave to amend a complaint and is only considered undue if it burdens the court or prejudices the opposing party. See *Richardson*, 2010 U.S. LEXIS 88086, at *12 (quoting *Cureton v. National Collegiate Athletic Association*, 252 F.3d 267, 273 (3d Cir. 2001)). This Circuit has held "prejudice to the non-moving party is the

touchstone for the denial of an amendment." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (quoting *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.3d 820, 823 (3d Cir. 1978)). In evaluating prejudice, this Court "[considers] whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton*, 252 F.3d at 273. Where no "new concepts and theories that would require extensive additional discovery" exist, there is no prejudice to the non-moving party in allowing the amendment. See *Adams v. Gould, Inc.*, 739 F.2d 858, 869 (3d Cir. 1984) (internal quotations and citations omitted).

Where an amendment is specifically attempting to transform an individual suit into a class action, the status of discovery has also been critical. If significant discovery has already taken place, a motion for leave to amend to add class allegations may be denied. See *Gaston v. Sodexo, Inc.*, Civil Action No. 14-76, 2014 U.S. Dist. LEXIS 181339, at *6-7 (W.D. Pa. June 25, 2014); see also *Graham v. Progressive Ins. Co.*, 271 F.R.D. 112, 123 (W.D. Pa. 2010). However, simply transforming an individual action into a class action, while of course being somewhat prejudicial to the defendant, does not constitute substantial prejudice. See *Bernstein v. National Liberty International Corp.*, 407 F. Supp. 709, 714 (E.D. Pa. 1976) ("Had plaintiff filed her original complaint as a class action, however, it would have been as prejudicial as it is now. While every defendant, by being a defendant, is 'prejudiced' thereby, this is hardly the type of prejudice that would convince this Court to deny the motion to amend which seeks to add class action allegations.")

Here, even as Defendant concedes, Plaintiff's class action allegations are based on the same set of facts as Plaintiff's original individual claims. [*See* Docket Entry No. 16 at 4]. Further, little if no discovery has been exchanged to date. [*See* Docket Entry No. 17 at 3]. Indeed, the Court

5

just recently ordered that the parties should proceed with document discovery and interrogatories, and only that discovery. [*See* Docket Entry No. 15 at 1]. The Court specifically refrained from entering a discovery schedule, pending a decision on the instant motion. [*Id.*]

Under these circumstances, the Court would be hard pressed to find that Defendant would be unfairly prejudiced by Plaintiff's proposed amendments. Given the early stage of discovery, Plaintiff's addition of the class action allegations would not cause "substantial prejudice" to Defendant. *Gaston*, 2014 U.S. Dist. LEXIS 181339, at *6-7. Indeed, in light of the fact that essentially no discovery has taken place, unlike in *Cureton*, Plaintiff's proposed amendments would not force Defendant "to engage in burdensome new discovery and significant new trial preparation." *Cureton*, 252 F.3d at 275 (Emphasis added). Instead, much like in *Bernstein*, where the plaintiff was permitted to add class action allegations eight months after filing her initial complaint, here, to the extent Defendant will be prejudiced by Plaintiff's amendments, said prejudice is not "the type . . . that would convince this Court to deny the motion," as Plaintiff could have exposed Defendant to the very same prejudice had she just filed the suit as a class action in the first place. *Bernstein*, 407 F. Supp. at 714. As a result, the Court finds that Defendant will not be substantially prejudiced by Plaintiff amending her Complaint to assert class action allegations.

### C. Futility

#### 1. Traditional Rule 12(b)(6) Standard

The final inquiry regarding motions for leave to amend is whether the proposed amendment is futile. This Court must ask if the amendment "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). The standard used to evaluate the proposed amendment's futility is the same used for a Rule 12(b)(6) motion to dismiss. See

6

*Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). This standard is clear and unequivocal; "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Such plausibility "does not impose a probability requirement at the pleading stage, it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" to support Plaintiff's claim. *Twombly*, 550 U.S. at 556. In judging the plausibility of the proposed amendment, this Court "looks only to the pleadings." *Pharmaceutical Sales & Consulting Corp. v. J.W.S. Delavau Co.*, 106 F. Supp. 2d 761, 765 (D.N.J. 2000). Furthermore, "the burden of establishing that [a plaintiff's] proposed amendments are futile is a 'heavy' one, 'given the liberal standard applied to the amendment of pleadings.'" *257 Elizabeth Ave., LLC*, 2016 U.S. LEXIS 13931, at *6 (quoting *Pharmaceutical Sales & Consulting Corp.*, 106 F. Supp. 2d at 764).

      Here, Defendant has not shown that Plaintiff's proposed class action allegations are implausible. Looking only at the pleadings, Plaintiff's proposed Amended Complaint includes class action allegations that consist of more or less the same facts and legal theories as alleged in her initial individual TCPA Complaint. [*See* Docket Entry No. 15 at 6–9; *see also* Docket Entry No. 1 at 5–7]. There are no plausibility issues with the facts and legal theories set forth in Plaintiff's original Complaint. Further, as the only changes with respect to the original Complaint involve broadening of the scope of that Complaint to include class action allegations based on the same facts and legal theories originally pled, there is little basis on which to question the plausibility of the proposed Amended Complaint. Because the proposed Amended Complaint is as equally plausible as the original Complaint, it survives Rule 12(b)(6) scrutiny under *Twombly* and *Iqbal*. Plaintiff's proposed class action allegations are therefore not futile.

### 2. Defendant's Proposed Rule 23 Standard

Defendant's Opposition to this motion [Docket Entry No. 16 at 5] also cites two cases standing for the proposition that motions for leave to amend to add class allegations are subject to higher scrutiny than Rule 12(b)(6) and instead require a "*likelihood* that [the] proposed class *will* be certified pursuant to [Rule 23]…." *Pierre v. JC Penny Co. Inc.*, No. 03-4782 JFB/VVP, 2006 WL 407553, at *6 (E.D.N.Y. Feb. 21, 2006); *Luedke v. Delta Air Lines, Inc.*, No. 92 Civ. 1778 (RPP), 1993 WL 313577, at *8 (E.D.N.Y. Aug. 10, 1993). Under Rule 23(a), a class action requires numerosity of class members, common questions of law and fact, typicality of claims, and adequate representation. FED R. CIV. P. 23(a)(1–4). Even under this standard, however, it "may be more appropriate to grant leave to amend and address the class certification arguments on a motion for class certification," for classes that have not yet been certified. *Pierre*, 2006 WL 407553 at *6, n.11.

This Court is not bound by out-of-district, out-of-circuit decisions. Defendant has cited no case from the District of New Jersey or Third Circuit supporting a heightened standard for amending a pleading to add class action allegations. The Court declines to apply such a standard here. Instead, the Court applies the traditional Rule 12(b)(6) standard in assessing the futility of Plaintiff's proposed motion seeking to amend the Complaint in order to add class action allegations. As set forth above, under this standard, Plaintiff's proposed amendments are plausible under *Twombly* and *Iqbal*, and therefore not futile.

### V. Conclusion

For the reasons set forth above, IT IS on this 12th day of July, 2016,

ORDERED that Plaintiff's Motion for Leave to Amend First Class Action Complaint is GRANTED; and it is further

ORDERED that Plaintiff shall file the Amended Complaint by **July 25, 2016**; and it is further

ORDERED that the Clerk of the Court terminate the aforementioned motion [Docket Entry No. 12] accordingly.

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**