IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CARMA CONOVER**, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br><br>**RASH CURTIS & ASSOCIATES,**<br><br>Defendant. | **Civil Action No.**<br><br>**3:15-cv-08381**<br><br>**JURY TRIAL DEMANDED**<br><br>**Answer and Affirmative Defenses to Plaintiff's Amended Class Action Complaint** |

### DEFENDANT, RASH CURTIS & ASSOCIATES ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

AND NOW comes Defendant, Rash Curtis & Associates (hereinafter "Rash Curtis" or "Defendant") by and through its undersigned counsel, Marshall Dennehey Warner Coleman & Goggin, P.C. and hereby answer the First Amended Class Action Complaint of Plaintiff, Carma Conover ("Plaintiff"). In support thereof, Rash Curtis avers as follows:

### ANSWER TO INTRODUCTION

Admitted in part and denied in part. Rash Curtis admits that Plaintiff is attempting to assert causes of action for damages premised on purported violations of the Telephone Consumer Protection Act, 47 U.S.C. ¶ 227, *et seq*. ("TCPA"). Rash Curtis admits that Plaintiff is attempting to assert the cause of action for damages premised on purported violations of the TCPA individually and as to others similarly situated. Rash Curtis denies violating the TCPA. The remaining allegations in this paragraph constitute conclusions of law and are denied as such. Rash Curtis refers all questions of law to the Court.

1

## ANSWER TO NATURE OF THE ACTION

1. Admitted in part and denied in part. Rash Curtis admits that Plaintiff is attempting to assert causes of action for damages premised on purported violations of the TCPA. Rash Curtis admits that Plaintiff is attempting to assert the cause of action for damages premised on purported violations of the TCPA individually and as to others similarly situated. Rash Curtis denies violating the TCPA. The remaining allegations in this paragraph constitute conclusions of law and are denied as such. Rash Curtis refers all questions of law to the Court.

2. Admitted in part and denied in part. Rash Curtis admits that it is third party debt collection agency. Rash Curtis denies all other allegations.

3. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Rash Curtis refers all questions of law to the Court.

4. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Rash Curtis refers all questions of law to the Court.

## ANSWER TO JURISDICTION AND VENUE

5. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Rash Curtis refers all questions of law to the Court.

6. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Rash Curtis refers all questions of law to the Court.

7. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Rash Curtis refers all questions of law to the Court.

## ANSWER TO PARTIES

8. Denied. Rash Curtis lacks sufficient information or belief as to whether Plaintiff was a citizen or resident of Trenton, New Jersey, at all times relevant to the allegations in her First Amended Class Action Complaint and, therefore, Rash Curtis denies this allegation. Rash Curtis denies the remaining allegations in this paragraph as they are conclusions of law. Rash Curtis refers all questions of law to the Court.

9. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Rash Curtis refers all questions of law to the Court.

10. Admitted in part and denied in part. Rash Curtis admits that it is a corporation that is located in Vacaville, California. Unless otherwise admitted, Rash Curtis denies the allegations in this paragraph.

11. Admitted in part and denied in part. Rash Curtis admits that it is a corporation. The remaining allegations in this paragraph constitute

conclusions of law and are denied as such. Rash Curtis refers all questions of law to the Court.

## ANSWER TO THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

12.    Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Rash Curtis refers all questions of law to the Court.

13.    Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Rash Curtis refers all questions of law to the Court.

14.    Denied. Rash Curtis denies Plaintiff's characterization of the FCC findings, as it is a writing, which speaks for itself. The remaining allegations in the paragraph constitute conclusions of law and are denied as such, Rash Curtis refers all questions of law to the Court.

15.    Denied. Rash Curtis denies Plaintiff's characterization of the FCC findings, as it is a writing, which speaks for itself. The remaining allegations in the paragraph constitute conclusions of law and are denied as such, Rash Curtis refers all questions of law to the Court.

16.    Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Rash Curtis refers all questions of law to the Court.

17.    Denied.  Rash Curtis denies Plaintiff's characterization of the TCPA and cited legal precedent, as they are writings, with speak for themselves.  The

remaining allegations in the paragraph constitute conclusions of law and are denied as such, Rash Curtis refers all questions of law to the Court.

## ANSWER TO FACTUAL ALLEGATIONS

18.   Denied. Rash Curtis denies these conclusory allegations and leaves Plaintiff to her proofs.

19.   Denied. Rash Curtis denies these conclusory allegations and leaves Plaintiff to her proofs.

20.   Denied. Rash Curtis denies these conclusory allegations and leaves Plaintiff to her proofs.

21.   Admitted in part and denied in part. Rash Curtis admits that it utilized telephone numbers (866) 729-2722 and (707) 454-2010. Rash Curtis denies the remaining conclusory allegations in this paragraph and leaves Plaintiff to her proofs.

22.   Denied. Rash Curtis denies these conclusory allegations and leaves Plaintiff to her proofs.

23.   Denied. Rash Curtis denies that it used an automatic telephone dialing system in an attempt to contact Plaintiff on her cellular phone. A factual basis for these conclusory allegations are demanded of Plaintiff.

24.   Denied. The allegations in the paragraph constitute conclusions of law and are denied as such. Rash Curtis refers all questions of law to the Court. By way of further answer, Rash Curtis denies that it used an "automatic telephone dialing system", as defined by the TCPA, in an attempt to contact

Plaintiff on her cellular phone. A factual basis for these conclusory allegations are demanded of Plaintiff.

25. Denied. The allegations in the paragraph constitute conclusions of law and are denied as such. Rash Curtis refers all questions of law to the Court. By way of further answer, Rash Curtis denies that it used an "automatic telephone dialing system", as defined by the TCPA, in an attempt to contact Plaintiff on her cellular phone. A factual basis for these conclusory allegations are demanded of Plaintiff.

26. Admitted in part and denied in part. Rash Curtis admits that it never attempted to contact Plaintiff on her cellular phone for emergency purposes. A factual basis for these conclusory allegations are demanded of Plaintiff. The remaining allegations in the paragraph constitute conclusions of law and are denied as such. Rash Curtis refers all questions of law to the Court.

27. Denied. Rash Curtis denies these conclusory allegations and leaves Plaintiff to her proofs.

28. Denied. Rash Curtis is without sufficient knowledge, information, or belief to form a belief as to the truth or falsity of the allegations set forth in this paragraph and therefore, Rash Curtis denies the allegations and leaves Plaintiff to her burden of proof.

29. Denied. Rash Curtis denied Plaintiff's characterization of the FCC's findings, as it is a writing, which speaks for itself. The remaining allegations in

the paragraph constitute conclusions of law and are denied as such. Rash Curtis refers all questions of law to the Court.

30.    Denied. Rash Curtis is without sufficient knowledge, information, or belief to form a belief as to the truth or falsity of the allegations set forth in this paragraph and therefore, Rash Curtis denies the allegations and leaves Plaintiff to her burden of proof.

31.    Denied. Rash Curtis denies that it used an automatic telephone dialing system in an attempt to contact Plaintiff on her cellular phone or that it used a pre-recorded voice message during its alleged attempt to contact Plaintiff. Rash Curtis denies the remaining conclusory allegations and leaves Plaintiff to her burden of proof.

32.    Denied. Rash Curtis denies these conclusory allegations.

## ANSWER TO CLASS ACTION ALLEGATIONS

33.    Admitted in part and denied in part. Rash Curtis admits that Plaintiff is attempting to assert causes of action for damages premised on purported violations of the TCPA. Rash Curtis admits that Plaintiff is attempting to assert the cause of action for damages premised on purported violations of the TCPA individually and as to others similarly situated. Rash Curtis denies violating the TCPA. The remaining allegations in this paragraph constitute conclusions of law and are denied as such. Rash Curtis refers all questions of law to the Court.

34.     Admitted in part and denied in part. Rash Curtis admits that Plaintiff is attempting to assert causes of action for damages premised on purported violations of the TCPA. Rash Curtis admits that Plaintiff is attempting to assert the cause of action for damages premised on purported violations of the TCPA individually and as to others similarly situated. Rash Curtis denies violating the TCPA. The remaining allegations in this paragraph constitute conclusions of law and are denied as such. Rash Curtis refers all questions of law to the Court.

35.     Denied. Rash Curtis denies these conclusory allegations and leaves Plaintiff to her proofs.

36.     Denied. Rash Curtis denies these conclusory allegations and leaves Plaintiff to her proofs. By way of this response, Rash Curtis further denies that there is a class in this matter as no class has been certified.

37.     Denied. Rash Curtis denies these conclusory allegations and leaves Plaintiff to her proofs. By way of this response, Rash Curtis further denies that there is a class in this matter as no class has been certified.

38.     Denied. Rash Curtis denies these conclusory allegations and leaves Plaintiff to her proofs. By way of this response, Rash Curtis further denies that there is a class in this matter as no class has been certified.

39.     Denied. Rash Curtis denies these conclusory allegations and leaves Plaintiff to her proofs. By way of this response, Rash Curtis further denies that there is a class in this matter as no class has been certified.

40. Denied. Rash Curtis denies these conclusory allegations and leaves Plaintiff to her proofs. By way of this response, Rash Curtis further denies that there is a class in this matter as no class has been certified.

41. Denied. Rash Curtis denies these conclusory allegations and leaves Plaintiff to her proofs. By way of this response, Rash Curtis further denies that there is a class in this matter as no class has been certified.

42. Denied. Rash Curtis denies these conclusory allegations and leaves Plaintiff to her proofs. By way of this response, Rash Curtis further denies that there is a class in this matter as no class has been certified.

43. Denied. Rash Curtis denies these conclusory allegations and leaves Plaintiff to her proofs. By way of this response, Rash Curtis further denies that there is a class in this matter as no class has been certified.

44. Denied. Rash Curtis denies these conclusory allegations and leaves Plaintiff to her proofs. By way of this response, Rash Curtis further denies that there is a class in this matter as no class has been certified.

**ANSWER TO PLAINTIFF'S FIRST COUNT: NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

45. Rash Curtis incorporates by reference all of the above paragraphs of this Answer as through fully stated herein.

46. Denied. The allegations in the paragraph constitute conclusions of law and are denied as such. Rash Curtis refers all questions of law to the Court.

47. Denied. The allegations in the paragraph constitute conclusions of law and are denied as such. Rash Curtis refers all questions of law to the Court.

48. Denied. The allegations in the paragraph constitute conclusions of law and are denied as such. Rash Curtis refers all questions of law to the Court.

### ANSWER TO PLAINTIFF'S SECOND COUNT: KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

49. Rash Curtis incorporates by reference all of the above paragraphs of this Answer as through fully stated herein.

50. Denied. The allegations in the paragraph constitute conclusions of law and are denied as such. Rash Curtis refers all questions of law to the Court.

51. Denied. The allegations in the paragraph constitute conclusions of law and are denied as such. Rash Curtis refers all questions of law to the Court.

52. Denied. The allegations in the paragraph constitute conclusions of law and are denied as such. Rash Curtis refers all questions of law to the Court.

### ANSWER TO PRAYER FOR RELIEF

53. Denied. Rash Curtis denies that it violates the TCPA, and therefore denies liability to Plaintiff. Rash Curtis further denies that Plaintiff is entitled to recover any damages, as it did not violate the law and was not a proximate or

direct cause of any perceived harm claimed by Plaintiff or the class of people Plaintiff seeks to represent. To the extent that the Wherefore Clause(s) contain conclusions of law, no response is required. To the extent that Plaintiff suggests that Rash Curtis violated any law or is liable to Plaintiff, Rash Curtis denies the same.

    54. Denied. Rash Curtis denies that it violates the TCPA, and therefore denies liability to Plaintiff. Rash Curtis further denies that Plaintiff is entitled to recover any damages, as it did not violate the law and was not a proximate or direct cause of any perceived harm claimed by Plaintiff or the class of people Plaintiff seeks to represent. To the extent that the Wherefore Clause(s) contain conclusions of law, no response is required. To the extent that Plaintiff suggests that Rash Curtis violated any law or is liable to Plaintiff, Rash Curtis denies the same.

    55. Denied. Rash Curtis denies that it violates the TCPA, and therefore denies liability to Plaintiff. Rash Curtis further denies that Plaintiff is entitled to recover any damages, as it did not violate the law and was not a proximate or direct cause of any perceived harm claimed by Plaintiff or the class of people Plaintiff seeks to represent. To the extent that the Wherefore Clause(s) contain conclusions of law, no response is required. To the extent that Plaintiff suggests that Rash Curtis violated any law or is liable to Plaintiff, Rash Curtis denies the same.

    56. Denied. Rash Curtis denies that it violates the TCPA, and therefore denies liability to Plaintiff. Rash Curtis further denies that Plaintiff is entitled to recover any damages, as it did not violate the law and was not a proximate or direct cause of any perceived harm claimed by Plaintiff or the class of people Plaintiff seeks to represent. To the extent that the Wherefore Clause(s) contain conclusions of law, no response is required. To the extent that Plaintiff

suggests that Rash Curtis violated any law or is liable to Plaintiff, Rash Curtis denies the same.

57. Denied. Rash Curtis denies that it violates the TCPA, and therefore denies liability to Plaintiff. Rash Curtis further denies that Plaintiff is entitled to recover any damages, as it did not violate the law and was not a proximate or direct cause of any perceived harm claimed by Plaintiff or the class of people Plaintiff seeks to represent. To the extent that the Wherefore Clause(s) contain conclusions of law, no response is required. To the extent that Plaintiff suggests that Rash Curtis violated any law or is liable to Plaintiff, Rash Curtis denies the same.

58. Denied. Rash Curtis denies that it violates the TCPA, and therefore denies liability to Plaintiff. Rash Curtis further denies that Plaintiff is entitled to recover any damages, as it did not violate the law and was not a proximate or direct cause of any perceived harm claimed by Plaintiff or the class of people Plaintiff seeks to represent. To the extent that the Wherefore Clause(s) contain conclusions of law, no response is required. To the extent that Plaintiff suggests that Rash Curtis violated any law or is liable to Plaintiff, Rash Curtis denies the same.

## TRIAL BY JURY

59. Rash Curtis demands a jury trial in this matter.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's First Amended Class Action Complaint (and the cause(s) of action alleged therein) falls to state facts sufficient to constitute a cause of action as to Rash Curtis.

**SECOND AFFIRMATIVE DEFENSE**

Rash Curtis alleges that there is no liability under the TCPA, 47 U.S.C. § 227, *et seq.,* pursuant to 47 U.S.C. § 227(b)(3)(C) because Rash Curtis had prior express consent to call the debtor at the number provided.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff has not suffered the type of harm and injury which the TCPA was designed to protect.

**FOURTH AFFIRMATIVE DEFENSE**

Rash Curtis denies calling Plaintiff using an automated telephone dialing system and/or an artificial or prerecorded voice as those terms are defined within the TCPA.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing as she has not suffered a concrete and particularized harm as to confer Article III standing upon her.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent the alleged called made to Plaintiff were greater than 4 years from the filing of Plaintiff's First Amended Class Action Complaint, recovery for said calls is barred by the statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

Any violation of the TCPA, 47 U.S.C. § 227, which Rash Curtis denies, was neither intentional nor willful. Therefore, to the extent the TCPA applied to any calls by Rash Curtis, which is denied, Plaintiff's compensation would be limited to $500 per call.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not suitable for class certification because, among other reasons, issues that require separate adjudication predominate over common issues; and, accordingly, the maintenance of a class action would not be superior or otherwise advantageous to the judicial process and litigants.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not suitable for class certification because, among other reasons, there is no defined community of interest among members of the putative class.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not suitable for class certification because, among other reasons, there is no definitely ascertainable class, the members are not clearly identifiable, and the members of the putative class cannot be located without incurring an exorbitant expenditure of time and money.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not suitable for class certification because, among other reasons, Plaintiff is not an adequate representative for the putative class.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because neither Plaintiff nor members of the putative class have suffered the type of harm for which TCPA was designed to protect.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon any other

affirmative defenses as may become available and apparent during discovery in this action and reserves the right to amend its Answer to assert any such defenses.

## DEMAND FOR SPECIFICATION OF ANY DAMAGES

Pursuant to Local Rule 8.1, Rash Curtis demand that Plaintiff within fourteen (14) days, furnish Rash Curtis with a statement of the account of actual damages claimed by her as to Rash Curtis, of any, with particularity, and the methodology in calculating those damages.

## CERTIFICATION

PURSUANT TO R. 4:5-1, I hereby certify that counsel for Rash Curtis is aware of a TCPA class action with a nationwide class definition, *McMillion, et al, v. Rash Curtis & Associates*, filed on June 17, 2016, in the United States District Court for the Northern District of California, Civil Action No. 4:16-cv-03396-YGR, which would subsume the present class allegations.

**WHEREFORE,** Defendant, Rash Curtis & Associates respectfully requests that this Honorable Court deems this Answer proper, dismissed Plaintiff's First Amended Class Action Complaint and grants any and all other relief as the Court deems just and equitable.

                              **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, P.C.**

By:   */s/ Andrew M. Schwartz*
Andrew M. Schwartz, Esquire
2000 Market Street, Suite 2300
Philadelphia, PA 19103
215-575-2765
215-575-0856 (f)
Amschwartz@mdwcg.com
Attorney for Defendant

Dated: August 12, 2016